This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SPARTA GP HOLDING REO CORP.,**

Plaintiff-Appellee,

**v.**                                                  **No. A-1-CA-36725**

**DOUGLASS SANDS RUSSELL and**
**ORA ABEL-RUSSELL, husband and wife,**

Defendants-Appellants,

and

**WACHOVIA MORTGAGE CORPORATION;**
**ABC CORPORATIONS I-X; XYZ PARTNERSHIPS**
**I-X; JOHN DOES I-X; JANE DOES I-X; and THE**
**UNKNOWN HEIRS AND DEVISEES OF ANY**
**OF THE ABOVE, IF DECEASED,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Emilio J. Chavez, District Judge**

Snell & Wilmer, L.L.P.
Gregory J. Marshall
Sandra A. Brown
Albuquerque, NM

for Appellee

Long, Komer & Associates, P.A.
Jonas M. Nahoum
Santa Fe, NM

for Appelants

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendants appeal a summary judgment. This Court issued a notice of proposed summary disposition, proposing to reverse the district court's judgment because that court attempted to resolve a dispute of material fact during the course of summary judgment proceedings. [CN 5] Plaintiff has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and now reverse.

{2}     The question of whether Plaintiff has standing to prosecute this mortgage foreclosure action turns upon which of two indorsements on a promissory note was made first. The note at issue bears both an undated indorsement in blank and an undated special indorsement. [RP 15] Which of those undated indorsements was first placed on the document is a question of historical fact. And that fact is material to the question of Plaintiff's standing. If the special indorsement was made first, the note would be bearer paper, since, under that factual assumption, the note would bear, as Plaintiff suggests: "an indorsement chain terminating in an indorsement to bearer."

[MIO 6] If, on the other hand, the blank indorsement was made first, it would have had no effect on the negotiability of the instrument, and the latter-made special indorsement would restrict payment to an entity other than Plaintiff. Thus, the legal question of Plaintiff's ability to enforce the note at issue depends entirely upon the answer to an unresolved question of historical fact.

{3}     Plaintiff invites this Court, as it did the district court, to employ "a 'common sense' reading of the two indorsements" to conclude that it has standing to enforce the note. [MIO 4, 8] That conclusion, however, could only be made on the basis of a finding regarding the order in which the indorsements were made. It is not the proper role of this Court, however, to make factual findings. And, more to the point, it was also not the proper role of the district court to do so, because "[a] summary judgment motion is not an opportunity to resolve factual issues[.]" *Gardner-Zemke Co. v. State*, 1990-NMSC-034, ¶ 11, 109 N.M. 729, 790 P.2d 1010.

{4}     Instead, fact finding is the role of a trier of fact, who could properly apply "common sense" to assess Plaintiff's outstanding claim that "an indorsement to bearer would follow a special indorsement[,]" and who could resolve that outstanding material historical fact. [MIO 8] Thus, for the reasons stated here and in our notice of proposed summary disposition, we reverse the summary judgment entered below.

{5}     **IT IS SO ORDERED.**

                         **LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JULIE J. VARGAS, Judge**